**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gregory R. Nyhus
Assistant U.S. Attorney
greg.r.nyhus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 8, 2021

John Gutbezahl
Attorney at Law

VIA EMAIL:

Re:   *United States v. Rowan McManigal*
      Case No. 3:21-cr-00274-BR
      Plea Agreement Letter

Dear Mr. Gutbezahl:

**1.   Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

**2.   Charges**: Defendant agrees to waive grand jury and enter a plea of guilty to an information charging a violation of 18 U.S.C. § 1038 (Possession of a Hoax Destructive Device) and specifically alleging that on or about December 19, 2020, in the District of Oregon, defendant did intentionally convey false and misleading information that they were in possession of incendiary chemical agents, under circumstances where such information may reasonably have been believed, that indicated that an activity was taking that would constitute a violation of Title 18 Chapter 40, relating to destruction of federal property by use of explosive devices.

**3.   Penalties**: Possession of a Hoax Destructive Device, a violation of 18 U.S.C. § 1038(a) carries a maximum penalty of not more than 5 years in prison, a $250,000.00 fine, three years of supervised release, mandatory restitution, and a mandatory fee assessment of $100.00. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done.

In addition, pursuant to 18 U.S.C. § 1038(c), "The court, in imposing a sentence on a defendant who has been convicted of an offense under subsection (a), shall order the defendant to reimburse any state or local government, or private not-for-profit organization that provides

John Gutbezahl
Page 2
December 8, 2021

---

fire or rescue service incurring expenses incident to any emergency or investigative response to that conduct, for those expenses."

**4.** **Admissions**: Defendant agrees to the following:

   A.   Defendant agrees that the United States could establish beyond a reasonable doubt the following elements at trial and as to each count alleged:

   First, the defendant intentionally conveyed false or misleading information under circumstances in which such information may reasonably have been believed;

   Second, such information indicated that an activity had taken, was taking, or would take place that would constitute a violation of Title 18, chapter 40 (Explosives, as defined in 18 U.S.C. § 844(f)(1) which prohibits the malicious destruction of property, or attempted destruction of property belonging to or leased to the United States by means of fire or an explosive, and in 18 U.S.C. § 844(j), "explosive" includes "any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.")

   B.   Defendant agrees that the government could prove the following facts at trial and admits to the factual basis below:

   On December 19, 2020, a previously advertised protest formed up in the driveway of the ICE facility, along adjacent city sidewalks, and on Bancroft St. Individuals in this group were observed by law enforcement via the facility's Closed Circuit Video (CCV) to be vandalizing the ICE facility. Defendant was observed to vandalize the electronic card reader regulating entry into the ICE facility parking area and loiter for approximately 30 minutes until defendant was arrested.

   During defendant's booking process, their belongings were inventoried, a bottle that bore a label reading: DO NOT OPEN CONTAINS: U-DIMETHYLHYDRAZINE TRIETHYLALUMINIUM WILL IGNITE IF EXPOSED TO AIR. The label had a hand-drawn and colored hazmat placard with a red 4, green 4, yellow 3, and do not expose to water symbol. the chemical name and labeling were found to indicate a self-igniting Molotov Cocktail. Portland Police Bureau's Bomb Squad came to the ICE facility and recovered the device for safe storage until it could be tested in a laboratory. Following consultation with explosive experts, additional forensic chemists with ATF, FBI, and NASA scientists, the decision was made to destroy the device due to the risk of exposing the contents to oxygen and the fear the chemical components may self-ignite given enough time to react with each other. The device was counter-detonated with explosives by a bomb technician after multiple failed attempts to identify the contents using a forensic laser tool.

John Gutbezahl
Page 3
December 8, 2021

---

Subsequent to arrest, defendant confessed the device contained water and "explained that it was meant to waste people's time if they were arrested again for just standing around and that it [their plan] appeared successful."

**5.     No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

**6.     Guideline Application**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). Such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

The parties agree to recommend to the Court adopt the following advisory guideline calculations:

   a. Pursuant to U.S.S.G. §2A6.1, the base offense level is 12;

   b. The parties agree that following an adjustment for acceptance of responsibility and other adjustments as described below, defendant's total offense level is **8**.

   c. The parties believe defendant's criminal history properly places defendant in Criminal History Category I. Defendant understands this is an estimate only.

**7.     Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for their unlawful conduct in this case. If defendant does so, the USAO will recommend a 2-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

**8.     Additional Departures, Adjustments, or Variances**: The parties agree to recommend a 2-level reduction in defendant's offense level pursuant to factors identified in 18 U.S.C. §3553(a) and defendant's unique characteristics and background, and readiness to accept responsibility, to an offense level of 8, yielding an advisory guideline range of 0-6 months.

**9.     Recommendation / Low End Range**: The government agrees to recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

**10.    Entry of Civil Judgment**: Pursuant to 18 U.S.C. § 1038(c)(3), the Court is required to enter a judgment against defendant in the amount of expenses incurred for any emergency or

John Gutbezahl
Page 4
December 8, 2021

investigative response to conduct resulting in conviction under 18 U.S.C. § 1038(a). The parties agree to provide the court with an appropriate accounting from which the court may fashion a Judgment consistent with this section.

11.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Defendant's waiver includes, but is not limited to, any challenges to the constitutionality of the statute(s) to which defendant is pleading guilty and any argument that the facts to which defendant admits are not within the scope of the statute(s). Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.  **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by

John Gutbezahl
Page 5
December 8, 2021

---

all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

                                         Sincerely,

                                         SCOTT ERIK ASPHAUG
                                         Acting United States Attorney

                                         GREGORY R. NYHUS
                                         Assistant United States Attorney

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/10/2021
Date

ROWAN MCMANIGAL
Defendant

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

Date

JOHN GUTBEZAHL   940845
Attorney for Defendant