SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB 91384**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00274-BR |
| v. | |
| **ROWAN MCMANIGAL,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Defendant.** | |

A sentence of time served is reasonable for this defendant, who has no criminal history.

## I.   CRIME OF CONVICTION

   A.   Charges

On December 15, 2021, defendant waived grand jury and entered a plea of guilty to an information charging a violation of 18 U.S.C. § 1038 (Possession of a Hoax Destructive Device) and specifically alleging that on or about December 19, 2020, in the District of Oregon, defendant did intentionally convey false and misleading information that they were in possession of incendiary chemical agents, under circumstances where such information may reasonably have been believed, that indicated that an activity was taking that would constitute a

**Government's Sentencing Memorandum** — Page 1
Revised March 2018

violation of Title 18 Chapter 40, relating to destruction of federal property by use of explosive devices.

      B.      Plea Agreement

The parties entered into a plea agreement pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The Court is not bound by the recommendation of the parties or the presentence report. The defendant may not withdraw any guilty plea or rescind the plea agreement if the Court does not follow the plea agreement or the recommendations of the parties. The plea agreement also contains a waiver of appeal.

      C.      Offense Conduct

On December 19, 2020, a previously advertised protest formed up in the driveway of the ICE facility, along adjacent city sidewalks, and on Bancroft St. individuals in this group were observed by law enforcement via the facility's Closed-Circuit Video (CCV) to be vandalizing the ICE facility. Defendant was observed vandalizing the electronic card reader regulating entry into the ICE facility parking area and loitering for approximately 30 minutes until defendant was arrested.

During defendant's booking process, their belongings were inventoried, a bottle that bore a label reading: DO NOT OPEN CONTAINS: U-DIMETHYLHYDRAZINE TRIETHYLALUMINIUM WILL IGNITE IF EXPOSED TO AIR. The label had a hand-drawn and colored hazmat placard with a red 4, green 4, yellow 3, and do not expose to water symbol. the chemical name and labeling were found to indicate a self-igniting Molotov Cocktail. Portland Police Bureau's Bomb Squad came to the ICE facility and recovered the device for safe storage until it could be tested in a laboratory. Following consultation with explosive experts, additional forensic chemists with ATF, FBI, and NASA scientists, the decision was made to destroy the

device due to the risk of exposing the contents to oxygen and the fear the chemical components may self-ignite given enough time to react with each other. The device was counter-detonated with explosives by a bomb technician after multiple failed attempts to identify the contents using a forensic laser tool.

Subsequent to arrest, defendant confessed the device contained water and "explained that it was meant to waste people's time if they were arrested again for just standing around and that it [their plan] appeared successful."

## II.     GUIDELINES APPLICATION

### A.     Standards

The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence.  *See* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007).  They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *Rita*, 551 U.S. at 350.  The guidelines serve as a "lodestar" at sentencing, and "cabin" or "anchor" a sentencing court's discretion.  *Peugh v. United States*, ___ U.S. ___, 2013 WL 2459523, *9-10 (2013).  While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

The remaining statutory factors include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant.  18 U.S.C. §§3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have

been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id.* at 991. The court must also allow the parties to "argue for a sentence they believe is appropriate," and must "consider the §3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The court may not presume the guidelines are reasonable and should not give them any more or any less weight than any other factor. *Id.* The court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id.* at 991-92.

B.   Guidelines Application

The parties have agreed that the Court must first determine the applicable advisory guideline range applicable to the violations above, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a).

The parties agree to recommend to the Court adopt the following advisory guideline calculations:

a. Pursuant to U.S.S.G. §2A6.1, the base offense level is 12**;**

b. The parties agree that following an adjustment for acceptance of responsibility and other adjustments as described below, defendant's total offense level is **8**.

The parties agree that defendant's criminal history properly places defendant in Criminal History Category I. Defendant understands this is an estimate only.

**Government's Sentencing Memorandum**                                                                                   **Page 4**

### III.   DEPARTURES AND ADJUSTMENTS

Defendant's timely plea of guilty demonstrates that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case which is reflected in a two-level adjustment for acceptance of responsibility.

The parties agree to recommend a 2-level reduction in defendant's offense level pursuant to factors identified in 18 U.S.C. §3553(a) and defendant's unique characteristics and background, and readiness to accept responsibility, to an offense level of 8, yielding an advisory guideline range of 0-6 months.

### IV.   RECOMMENDATION

The recommends the low end of the applicable guideline range, or time served.

### V.    JUDGMENT

Pursuant to 18 U.S.C. § 1038(c)(3), the Court is required to enter a judgment against defendant in the amount of expenses incurred for any emergency or investigative response to conduct resulting in conviction under 18 U.S.C. § 1038(a). The government has provided figures to both U.S. Probation and to defendant and did not receive any objection. $699.89 is owed for reimbursement to the Department of Homeland Security, as follows:

John McTaggart
Department of Homeland Security
Federal Protective Service – R10
400 15th Street SW
Auburn, WA 98001
Amount: $699.89

/ / / /

## VI. CONCLUSION

Based on the foregoing, the government believes that a sentence of time served is sufficient under the circumstances and is supported by 18 U.S.C. § 3553(a).

Dated: March 30, 2022.                    Respectfully submitted,

SCOTT ERIK ASPHAUG
United States Attorney


/s/ Gregory R. Nyhus
GREGORY R. NYHUS, OSB #91384
Assistant United States Attorney